IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COMMITTEE FOR EFFICIENT GOVERNMENT, LLC,
and
KENNETH V. HEMMERLE, II Professional Association,

Plaintiffs,

v.

INTERNAL REVENUE SERVICE,

Defendant.
_______________________________________/

CASE NO.:

**COMPLAINT**

Plaintiffs, COMMITTEE FOR EFFICIENT GOVERNMENT, LLC, a Delaware Limited Liability Company (CFEG) and KENNETH V. HEMMERLE, II, Professional Association (KVH) file this Complaint to compel the INTERNAL REVENUE SERVICE'S (IRS) compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). This Complaint seeks declaratory relief that the IRS is in violation of FOIA for failing to fulfill Plaintiffs' requests for records and seeks injunctive relief directing the IRS to immediately and fully comply with Plaintiffs' requests under FOIA.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.§ 1331. It may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.* and award costs, and attorneys' fees pursuant to 28 U.S.C. § 2412 and 5 U.S.C. § 552(a)(4)(E).

2. Venue is proper pursuant to 28 U.S.C.§ 1391(e)(1)(C) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3. Plaintiff, CFEG, is a Limited Liability Company organized and existing under the laws of the state of Delaware with its principal place of business in Fort Lauderdale, Broward County, Florida. CFEG regularly requests access to public records of government agencies and disseminates its findings to the public.

4. Plaintiff, KVH is a Florida Professional Service Corporation engaged in the practice of law with its principal place of business in Fort Lauderdale, Florida. KVH on behalf of its clients regularly requests access to public records of government agencies.

5. Defendant, IRS is an agency under 5 U.S.C. § 552(f)(1) which has possession, custody, and control of records Plaintiffs seek to access. IRS has illegally denied Plaintiffs access in violation of FOIA.

## OVERVIEW: IRS OBSTRUCTS PLAINTIFFS ACCESS TO GOVERNMENT RECORDS UNDER FOIA

6. CFEG was formed in 2012 in response to various IRS' failures, including the IRS' failure to address the identity theft tax refund fraud problem which is costing the United States billions of dollars each year.

7. CFEG's mission is to bring the information to the public, to bring transparency to issues relating to the IRS, and to educate the public and lawmakers by bringing to their attention examples of government losses through inefficiency, mismanagement, negligence, and waste which has resulted in the depletion of government assets, resources and taxpayer money.

8. CFEG also seeks to find solutions to such problems through public awareness, education, research and legislative and program changes and initiatives.

9. The IRS is plagued with inefficiencies and vulnerabilities. As one recent well-

publicized example, identity thieves obtained personal tax information for more than 300,000 taxpayers from the IRS's website.

10. CFEG believes that the IRS is failing to do enough to protect taxpayers and the U.S. Treasury and is misapplying its enforcement resources on issues of far lesser significance than the egregious identity theft tax refund fraud problem as well as the improper payments of Earned Income Tax Credits problem, among others. Examples of this include possible improper targeting of taxpayers, missteps regarding offshore tax enforcement, and conflicting guidances relating to debt instruments.

11. As part of its purpose to educate the public, contribute to civic dialogue, and promote government transparency, CFEG, along with KVH, sent a number of FOIA requests to the IRS concerning the issues described above, on which requests the IRS has failed to act.

**SPECIFIC ALLEGATIONS**

**IRS FOIA CASE No.: F14203-0130**

12. On June 30, 2014 CFEG sent a FOIA request to Treasury seeking documents or letters received by the IRS from a U.S. Senator or U.S. Senators requesting that the IRS examine the tax status of a nonprofit organization by the name of Crossroads GPS for the years of 2010 – 2014, among other documents.

13. By letter dated August 14, 2014 Defendant acknowledge receipt of CFEG's request and assigned the request case number F14203-0130. Defendant also informed counsel for CFEG that it extended the statutory response date to August 28, 2014 and unilaterally granted itself an additional unauthorized extension until November 14, 2014:

> "Unfortunately, we will still be unable to locate and consider release of the requested records by August 28, 2014. We have extended the response date to November 14, 2014 when we believe we can provide a final response."

14. By letter dated February 11, 2015, (received on February 24, 2015) Defendant stated it was still working on the request and needed additional time to obtain the records and informed counsel for CFEG that it would be in contact by May 15, 2015.

15. On February 25, 2015 counsel for CFEG spoke with Defendant's representative, Denise Higley and was told that while she requested an extension to May 15, 2015 she is currently working on the request and has found responsive documents which she is currently reviewing.

16. By letter dated May 7, 2015 Defendant stated it was still working on the request and needed additional time to review documents responsive to the request and would be in contact by August 14, 2015.

17 . CFEG received another letter from IRS dated August 5, 2015 seeking more time:

> "On May 7, 2015 I asked for more time to obtain the records you requested. I am still working on your request and need additional time to review documents responsive to your request. I will contact you by November 20, 2015 if I am still unable to complete your request."

**IRS FOIA CASE No.: F14272-0028**

18. On September 18, 2014 KVH sent a FOIA request to the Department of the Treasury (Treasury) seeking the data reflecting whether the IRS implemented an FBAR educational program or educational outreach to the public in order to increase compliance for the years 2003 – 2014 and the data reflecting whether the IRS followed any of the Enhanced Outreach and Educational Guidance, as issued in the Secretary of Treasury's Report to Congress dated April 24, 2003 for the years 2003-2014.

19. By letter dated September 25, 2014 Treasury forwarded KVH's FOIA to IRS.

20. By letter dated October 27, 2014, Defendant acknowledged receiving KVH's

request and assigned the request case number F14272-0028. Defendant also informed KVH that it extended the statutory response date to November, 2014 as authorized by 5 U.S.C. Section 552(a)(6)(b) and unilaterally granted itself an additional unauthorized extension until December 1, 2014:

> "Unfortunately, we will still be unable to locate and consider release of the requested records by November 10, 2014. We have extended the response date to December 1, 2014 when we believe we can provide a final response."

21. By letter dated November 26, 2014, Defendant stated it was still working on the request and needed additional time to obtain the records and informed KVH that it would be in contact by January 30, 2015.

22. KVH received another letter from IRS dated January 30, 2015 seeking more time:

> "On November 26, 2014 I asked for more time to obtain the records you requested. I am still working on your request and need additional time to March 31, 2015. I will contact you by March 31, 2015 if I am still unable to complete your request."

23. KVH received another letter from IRS dated March 30, 2015 seeking more time:

> "On January 30, 2015 I asked for more time to obtain the records you requested. I am still working on your request and need additional time to May 29, 2015. I will contact you by May 29, 2015 if I am still unable to complete your request."

24. KVH received another letter from IRS dated May 28, 2015 seeking more time:

> "On March 30, 2015 I asked for more time to obtain the records you requested. I am still working on your request and need additional time to July 31, 2015. I will contact you by July 31, 2015 if I am still unable to complete your request."

25. KVH received another letter from IRS dated July 31, 2015 seeking more time:

> "On May 28, 2015 I asked for more time to obtain the records you requested. I am still working on your request and need additional time to collect and review responsive records located in other locations. I will contact you by September 30, 2015 if I am still

unable to complete your request."

26. KVH received another letter from IRS dated September 30, 2015 seeking more time:

> "On July 31, 2015 I asked for more time to obtain the records you requested. I am still working on your request and need additional time to collect and review responsive records located in other locations. I will contact you by November 30, 2015 if I am still unable to complete your request."

**IRS FOIA CASE No.: F15304-0031**

27. On October 16, 2014 KVH sent a FOIA request to the Treasury seeking a copy of the notice of proposed rulemaking in the Federal Register (59 FR 62884) relating to the tax treatment of debt instruments that provide for one or more contingent payments which the IRS published on December 16, 1994, a copy of any notice or notices to the public which the IRS published stating that on March 16, 1995 a public hearing would be held on proposed regulations relating to the rules for contingent payment debt instruments, among other documents.

28. By letter dated December 2, 2014, Defendant acknowledged receiving KVH's request and assigned the request case number F15304-0031. Defendant also informed KVH that it extended the statutory response date to December 16, 2014 as authorized by U.S.C. Section 552(a)(6)(b) and unilaterally granted itself as additional unauthorized extension until February 27, 2015:

> "Unfortunately, we will still be unable to locate and consider release of the requested records by December 16, 2014. We have extended the response date to February 27, 2015 when we believe we can provide a final response."

29. By letter dated February 26, 2015, Defendant stated it was still working on the request and needed additional time to obtain the records and informed KVH that it would be in contact.

30. KVH received another letter from IRS dated April 28, 2015 seeking more time:

> "On February 26, 2015 I asked for more time to obtain the records you requested. I am still working on your request and need additional time to June 30, 2015. I will contact you by June 30, 2015 if I am still unable to complete your request."

31. KVH received another letter from IRS dated June 30, 2015 seeking more time:

> "On April 28, 2015 I asked for more time to obtain the records you requested. I am still working on your request and need additional time to collect and review responsive records from other locations. I will contact you by August 31, 2015 if I am still unable to complete your request."

32. On August 20, 2015 KVH received a fax from IRS stating that "the case is in the final review stages."

33. KVH received another letter from IRS dated August 31, 2015 seeking more time:

> "On June 30, 2015 I asked for more time to obtain the records you requested. I am still working on your request and need additional time to collect and review responsive records from other locations. I will contact you by October 30, 2015 if I am still unable to complete your request."

**IRS FOIA CASE No.: F15040-0081**

34. On February 2, 2015 KVH sent a FOIA request to Defendant seeking documents consisting of data reflecting the amount of money lost for the years 2000 – 2014 as a result of improper payments of Earned Income Tax Credits, the number of prosecutions filed against taxpayers who have filed fraudulent tax returns to obtain Earned Income Tax Credits for the same period, and the number of taxpayers convicted of filing fraudulent tax returns to obtain Earned Income Tax Credits, among other documents.

35. By letter dated February 27, 2015, Defendant acknowledged receipt of KVH's request and assigned the request case number F15040-0081. Defendant asked for more time to obtain the requested records.

36. By letter dated June 1, 2015, Defendant stated it was still working on the request and needed additional time:

> "On February 27, 2015 I asked for more time to obtain the records you requested. I am still working on your request and need additional time to obtain and review any responsive documents. I will contact you by September 1, 2015 if I am still unable to complete your request."

37. By letter dated August 27, 2015, Defendant stated it was still working on the request and needed additional time:

> "On June 1, 2015 I asked for more time to obtain the records you requested. I am still working on your request and need additional time to obtain and review any responsive documents. I will contact you by November 30, 2015 if I am still unable to complete your request."

**IRS FOIA CASE No.: F15079-0003**
**IRS FOIA CASE No.: F15079-0004**
**IRS FOIA CASE No.: F15079-0005**

38. On March 17, 2015 KVH sent three separate FOIA requests to Defendant seeking copies of data, reports and studies which reflect how IRS Form W-8BEN-E (Certificate of Status of Beneficial Owner for United States Tax Withholding and Reporting Entities), IRS Form W-8ECI (Certificate of Foreign Person's Claim that Income is Effectively Connected with the Conduct of a Trade or Business in the United States), and IRS Form W-8EXP (Certificate of Foreign Government or Other Foreign Organization for United States Tax Withholding and Reporting) were created.

39. By letter dated April 15, 2015 Defendant acknowledged receipt of KVH's three separate FOIA requests and assigned a separate case number to each request to wit: case number F15079-003 pertaining to Form W-8BEN-E, case number F15079-004 pertaining to Form W-8ECI and case number F15079-005 pertaining to Form W-8EXP. Defendant asked for more time

to obtain the requested records.

40. By letter dated May 27, 2015 Defendant stated it was still working on the requests and needed additional time to collect and review responsive records from other locations and informed KVH that it would be in contact by July 31, 2015.

41. KVH received another letter from IRS dated July 30, 2015 seeking more time:

> "On May 27, 2015 I asked for more time to obtain the records you requested. I am still working on your request and need additional time to collect and review responsive records located in other locations. I will contact you by October 2, 2015 if I am still unable to complete your request."

42. KVH received another letter from IRS dated September 30, 2015 seeking more time:

> "On September 30, 2015 I asked for more time to obtain the records you requested. I am still working on your request and need additional time to collect and review responsive records from other locations. I will contact you by November 20, 2015 if I am still unable to complete your request."

**<u>IRS FOIA CASE No.: F15092-0131</u>**

43. On April 1, 2015 KVH sent a FOIA request to Defendant seeking documents consisting of studies, reports, data and other documents reflecting how many taxpayers have been affected and injured by identity theft tax refund fraud for the years 2004 – 2015, among other documents.

44. By letter dated April 30, 2015, Defendant acknowledged receipt of KVH's request and assigned the request case number F15092-0131. Defendant also informed KVH that it extended the statutory response date to May 14, 2015 as authorized by 5 U.S.C. Section 552(a)(6)(b) and unilaterally granted itself an additional unauthorized extension until June 26, 2015:

> "Unfortunately, we will still be unable to locate and consider release of the requested records by May 14, 2015. We have extended the response date to June 26, 2015 when we believe we can provide a final response."

45. By letter dated April 30, 2015, Defendant stated it was still working on the request and needed additional time:

> "On April 1, 2015 I asked for more time to obtain the records you requested. I am still working on your request and need additional time to search for, collect, and review responsive records from other locations. I will contact you by August 21, 2015 if I am still unable to complete your request."

46. KVH received another letter from Defendant dated August 21, 2015 seeking more time:

> "On June 24, 2015 I asked for more time to obtain the records you requested. I am still working on your request and need additional time to obtain the responsive records from another location. I will contact you by October 23, 2015 if I am still unable to complete your request."

47. As of the date of this complaint, Defendant has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise CFEG of the right to appeal any adverse determination; and/or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

48. Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiffs are deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

**COUNT 1**
**(Violation of FOIA, 5 U.S.C. § 552)**

49. Plaintiffs reallege paragraphs 1 through 56 as if fully stated herein.

50. Defendant is unlawfully withholding records requested by Plaintiff under FOIA.

51. FOIA requires an agency to respond to a request for records within 20 days with only a limited ability to extend the time period for ten working days or to confer with the requester to arrange for a different timeframe. 5 U.S.C. § 552(a)(6)(A).

52. Defendant has unreasonably delayed and failed to produce the requested records within the statutorily-mandated deadlines.

53. Defendant has unilaterally granted itself numerous extensions to respond to the requests.

54. Plaintiffs have a statutory right to the records they seek, and the IRS has no legal basis to withhold the records that are responsive to Plaintiffs' requests.

55. CFEG and KVH are being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to their FOIA requests, and CFEG will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law because CFEG as a public interest group will be unable to expose waste, negligence, inefficiency, and possible criminal conduct by the IRS and initiate litigation if such IRS malfeasance is uncovered.

56. As a result of defendant's obstructionist conduct, CFEG will be unable to disseminate the information of IRS waste, negligence, inefficiency, and other possible misconduct to the public and to Congress, thereby depriving CFEG of its rights under FOIA.

WHEREFORE, Plaintiffs respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiffs' FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-

exempt records responsive to Plaintiffs' FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

CARLTON FIELDS JORDEN BURT

By:___________________________
Michael S. Pasano
D.C. Bar No.: 943449
100 S.E. Second Street
Suite 4200
Miami, FL 33131
(305) 530-0050

1025 Thomas Jefferson Street, NW
Suite 400 East
Washington, DC 20007-5208
Email: mpasano@cfjblaw.com

KENNETH V. HEMMERLE, II[1]

By:___________________________
Kenneth V. Hemmerle, II
Florida Bar No.: 0841020
1322 N.E. 4th Avenue
Suite E
Fort Lauderdale, FL 33304
954-768-9116/Fax: 954-768-9117
E-mail: KVHIILAW@aol.com

*Attorneys for Plaintiffs Committee for Efficient Government, LLC and Kenneth V. Hemmerle, II*

[1] Mr. Hemmerle will file a Motion for Pro Hac Vice.